**James Franklin BRIDGES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 45078–45080.**

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearings Denied May 3, 1972.

---

1. We note that Art. 36.15, Vernon's Ann.C.C.P., was fully complied with.

Ramirez, Canales, Freeman & Juarez by Brad Freeman, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

These appeals are taken from three convictions for violations of the narcotics and dangerous drug laws. (In Cause No. 45,-078, for the offense of unlawful sale of a narcotic drug, to-wit: marihuana; in Cause No. 45,079, for the offense of unlawful delivery of a dangerous drug, to-wit, LSD; in Cause No. 45,080, for the offense of unlawful sale of a narcotic drug, to-wit: hashish.) Punishment was assessed by the court in each cause at five years.

The appellant waived his right to a trial by jury and entered pleas of guilty before the court. He waived the confrontation of wtinesses and a stipulation of the testimony as to what the witnesses would have testified to if they were present was introduced.

The appellant was sworn and testified that he was the person charged and that he was guilty of all three offenses and was pleading guilty because he was guilty and for no other reason. He testified that he heard the testimony read into the record and that it was substantially true and correct.

Appellant's sole ground of error is that "the stipulated evidence upon which defendant was convicted was not reduced to writing and introduced into evidence and was insufficient under Article 1.15, V.A. C.C.P."[1] Such contention is overruled.

The judicial confession of the offenses by the appellant is sufficient to support the convictions under Article 1.15, V.A.C.C.P. See Sprinkle v. State, Tex.Cr.App., 456 S. W.2d 387, and cases therein cited.

The judgments are affirmed.

---

1. These cases were tried prior to the effective date of the amendment of Art. 1.15, Vernon's Ann.C.C.P., enacted by the 62nd Legislature.